United States District Court
Southern District of Texas
**ENTERED**
October 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,** *et al.*, § § § § Plaintiffs, § § VS. § **TITE WATER ENERGY, LLC,** *et al.*, § § § Defendants. § | **CIVIL ACTION NO. 4:23-CV-00574** |

## MEMORANDUM & ORDER

Plaintiffs Nautilus Insurance Company and Great Divide Insurance Company (Plaintiffs) bring this declaratory judgment action against Defendants Tite Water Energy, LLC (Tite Water) and Wild Willy's Welding, LLC (Wild Willy's) seeking declaration as to their obligation to reimburse defense costs to Defendants in an underlying state suit. Tite Water and Wild Willy's have separately moved to dismiss for lack of personal jurisdiction, failure to present a case or controversy, violation of the *Rooker-Feldman* doctrine, lack of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, improper venue, and *forum non conveniens*.

The Court find that it lacks personal jurisdiction over Tite Water and Wild Willy's. The Motions to Dismiss are therefore **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE.**

I.  **BACKGROUND**

Like many insurance declaratory judgment cases, this dispute is related to a tort action brought in Texas state court. In that case, the plaintiff, Colby Bigbey, sued for personal injuries that Bigbey suffered while working at a saltwater disposal facility owned by Devon Energy Production Company (Devon). ECF No. 1 ¶ 8. In operating that facility, Devon contracted with several third-party vendors, who in turn subcontracted with other parties, creating a complicated web of contractual arrangements. *Id.* ¶ 9.

Tite Water agreed to perform work for Devon at the facility under a Master Service and Supply Agreement (Devon-Tite Water MSSA). *Id.* ¶ 10. The Devon-Tite Water MSSA included a provision requiring Tite Water to defend and indemnify Devon against injuries arising from Tite Water's work. *Id*. Tite Water then subcontracted with Garlett Trucking. *Id.* ¶ 11. Garlett Trucking employed Bigby. *Id*.

Another company, Bedrock Petroleum Consultants, LLC (Bedrock), also agreed to perform work for Devon Energy under another Master Service and Supply Agreement (Devon-Bedrock MSSA). *Id.* ¶ 12. Bedrock then subcontracted some of its work out to Wild Willy's through the Bedrock Master Consulting Agreement (Bedrock MCA). ECF No. 17 at 8.

Nautilus insured Tite Water under a general liability policy. ECF No. 1 ¶ 15. Great Divide insured Tite Water under a business auto policy. *Id.* ¶ 15. Wild Willy's was not a party to either of these contracts and was not directly insured by Plaintiffs.

In the underlying litigation, Plaintiffs agreed to defend Tite Water and Devon Energy pursuant to the Devon-Tite Water MSSA. *Id.* ¶ 17. Wild Willy's filed a claim for defense and

indemnity with Plaintiffs, which Plaintiffs denied. *Id.* ¶ 18. Wild Willy's then filed a crossclaim in the underlying litigation against Tite Water seeking defense and indemnity. *Id.* ¶ 19.

On August 11, 2021, the trial court found that Wild Willy's was not liable to Bigbey in the underlying litigation and dismissed it from the case. *Id.* ¶ 20. The remaining Defendants, including Tite Water and Devon Energy, subsequently entered a settlement agreement with Bigbey. *Id.* ¶ 21. However, Wild Willy's crossclaim against Tite Water remained, and on December 6, 2021, the trial court entered judgment that Tite Water owed Wild Willy's defense costs. *Id.* ¶ 22. Tite Water appealed, and on August 31, 2023, the Texas First District Court of Appeals affirmed the trial court's judgment but modified the damages amount. ECF No. 28.

In the matter before the Court, Nautilus and Great Divide seek declaration that their insurance policies with Tite Water do not make them liable to either Tite Water or Wild Willy's for the state court judgment. ECF No. 1. They seek declaratory judgment on three grounds: (1) Wild Willy's cannot recover defense costs from Plaintiffs directly because Wild Willy's is not directly insured under either policy, (2) Wild Willy's cannot recover defense costs from Plaintiffs through its judgment against Tite Water; and (3) Wild Willy's cannot seek indemnification for its own negligence under Texas common law. *Id.* ¶ 25-39.

Although the underlying litigation occurred in Texas, none of the parties is domiciled in Texas. Nautilus is incorporated and has its principal place of business in Arizona. *Id.* ¶ 1. Great Divide is incorporated in North Dakota with its principal place of business in Iowa. *Id.* ¶ 2. Tite Water and Wild Willy's are both Oklahoma limited liability companies and both have their principal places of business in Oklahoma. *Id.* ¶ 3-4.

Defendants Tite Water and Wild Willy's have filed separate Motions to Dismiss, ECF Nos. 12, 17, respectively. Plaintiffs have responded, ECF Nos. 18, 20, and Defendants have replied, ECF Nos. 19, 21.

## II. STANDARD OF REVIEW

A court may dismiss a complaint for "lack of personal jurisdiction." FED. R. CIV. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. Th[e] court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted). When evaluating the plaintiff's showing, a court can consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

## III. ANALYSIS

### A. Personal Jurisdiction

A court may exercise either general or specific personal jurisdiction over a defendant. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Plaintiffs do not contend that the Court has general personal jurisdiction over either Defendant. ECF No. 18 at 12 n.10. Therefore, the only question before the Court is whether there is specific jurisdiction over the Defendants.

A federal court may exercise specific personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Id.* Therefore, for the Court to have specific jurisdiction, (1) the defendant must purposefully avail itself of the privilege of conducting activities in the forum state; (2) the plaintiff's claim must arise out of or relate to those purposeful contacts; (3) exercising jurisdiction must be fair and reasonable to the defendant. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021).

### 1. Personal Jurisdiction over Tite Water

Tite Water's contacts with Texas are insufficient to support personal jurisdiction. Tite Water is an Oklahoma limited liability company and has its principal place of business in Oklahoma ECF No. 1 ¶ 3; ECF No. 12 at 4. It is not registered to do business in Texas and has no employees in Texas. ECF No. 12 at 4. The accident central to the underlying litigation occurred in Oklahoma, the service agreements relevant to the state litigation were entered into in Oklahoma, and the insurance policies at issue in this declaratory judgment action were purchased in Oklahoma. *Id.* at 5-6. Plaintiffs' sole basis for arguing that there is personal jurisdiction over Tite Water is that Tite Water appeared as a defendant in the underlying Texas state court litigation. ECF No. 18 at 12. Tite Water argues that it did not instigate either the state tort litigation or Wild

Willy's cross-claim, and therefore defending itself in state court is insufficient to give the Court jurisdiction. ECF No. 19 at 3.

The Court finds that Tite Water's defense in the underlying state court litigation is not a sufficient contact for personal jurisdiction. Other courts in this circuit have considered personal jurisdiction in similar cases where an insurer is seeking declaratory judgment in federal court to clarify its obligations to an insured related to prior state court litigation. Those courts have uniformly concluded that personal jurisdiction requires "something more that the mere existence of the underlying suit" in the same state. *Gemini Insurance Co. v. Caprock Pipe and Supply, Inc.*, Case No. SA–04–CA–001–FB, ECF No. 15 at 20 (W.D. Tex. Sep. 23, 2004); *Maxum Indem. Co. v. BRW Floors, Inc.*, No. 5:15-CV-00167-RCL, 2015 WL 5881584, at *2 (W.D. Tex. Oct. 7, 2015) ("[B]are participation in the underlying suit is insufficient without more to confer jurisdiction."); *Am. Cas. Co. of Reading, PA v. River's Edge Pharms.*, LLC, No. SA-05-CA-525-FB, 2006 WL 62819, at *13 (W.D. Tex. Jan. 10, 2006) ("[T]he participation in litigation without more is insufficient to support jurisdiction."); *Admiral Ins. Co. v. Briggs*, No. CIV.A. 302CV0310P, 2002 WL 1461911, at *7-8 (N.D. Tex. July 2, 2002) (reasoning that although participation in the underlying suit alone is insufficient for personal jurisdiction, the court had jurisdiction over defendant because the underlying tort was directed at the forum state).

In analogous cases where the court found it had personal jurisdiction over the defendant, the defendant had additional contacts with Texas that are lacking in the present case. In *Briggs* the tort at issue in the state action was directed at Texas, which the court held was sufficiently connected to the declaratory judgment action to give the court jurisdiction. *Briggs*, 2002 WL 1461911, at *7. Similarly, in *Maxum*, the court found that jurisdictional discovery was warranted to determine whether and to what extent the defendant had marketed, sold, or transported the goods

at issue in the state suit in Texas. *Maxum*, 2015 WL 5881584, at *6-7. Unlike *Maxum* and *Briggs*, Plaintiffs in this case do not contend that Tite Water had any contacts with Texas, other than defending itself in the state litigation. ECF No. 18 at 12.

Plaintiffs attempt to differentiate this case from those denying personal jurisdiction by arguing that, because Tite Water did not contest personal jurisdiction or venue in the state litigation, it cannot do so now. ECF No. 18 at 2, 12. Tite Water responds that Plaintiffs, as Tite Water's insurers, controlled Tite Water's defense throughout the underlying litigation. ECF No. 19 at 3. As a result, Tite Water's lack of objections in that setting cannot be proof of purposeful availment of the forum. *Id.* When confronted with a similar argument, the court in *Gemini* sided with the insured: "plaintiff is controlling the underlying Texas litigation and should not be allowed to use its failure to object to jurisdiction in that case as the support for minimum contacts in this case." *Gemini Insurance Co. v. Caprock Pipe and Supply, Inc.*, Case No. SA–04–CA–001–FB, ECF 15 at 23 (W.D. Tex. Sep. 23, 2004); *see also Prime Ins. Co. v. LoCastro & Assocs., Inc.*, 170 F. Supp. 2d 786, 787 (N.D. Ohio 2001) ("For an insurance company to cause an appearance to be filed where there is no jurisdiction over its insured, and thereafter to turn that appearance against the insured to force it to litigate in a forum where otherwise it could not be sued verges on bad faith."). In this case, the same rationale applies, as Plaintiffs were directing Tite Water's defense in state court. Tite Water's lack of objection to personal jurisdiction in that proceeding does not prevent it from raising the issue now. As a result, the Court concludes it does not have personal jurisdiction over Tite Water in this case.

### 2. Personal Jurisdiction over Wild Willy's

Whether the Court has personal jurisdiction over Wild Willy's is a closer call. Like Tite Water, Wild Willy's is an Oklahoma limited liability company in and has a principal place of business in Oklahoma. ECF No. 1 ¶ 4. Additionally, Wild Willy's has never performed work for any customer in the state of Texas, is not registered to do business in Texas, and has no employees or offices in Texas. ECF No. 17 at 13.

Plaintiffs assert three additional reasons why the Court has personal jurisdiction over Wild Willy's beyond the fact that Wild Willy's defended itself in the underlying state court litigation. The first is that Wild Willy's entered a Master Consulting Agreement with Bedrock, a Texas company, and that contract has a choice of law and venue provision requiring litigation in Texas. ECF No. 20 at 6, 12. However, in order for that Texas contact to support personal jurisdiction, it must be related to Plaintiffs' claims. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021).

Plaintiffs have failed to show how the Bedrock MCA is at all related to this litigation. The present action appears to involve no issues requiring interpretation of the Bedrock MCA and does not otherwise implicate the Bedrock MCA. In fact, the Bedrock MCA is not even mentioned in Plaintiffs' Complaint. *See* ECF No. 1. Additionally, the Bedrock MCA does not appear to form the basis for Wild Willy's crossclaim against Tite Water, which was a breach of contract claim under the Devon-Tite Water MSSA. In that action, the jury found that Wild Willy's was entitled to defense costs because it was an "agent" and "consultant" of Devon's and thus was covered by the indemnity provision in the Devon-Tite Water MSSA. ECF No. 28 at 18. Given that the Bedrock MCA is only tangentially related to any of the events giving rise to the present litigation, it cannot be the predicate for this Court to exercise personal jurisdiction over Wild Willy's.

Second, Plaintiffs point out that Wild Willy's did not merely defend itself in the underlying litigation but also asserted a crossclaim against its co-defendant, Tite Water, which they argue is a sufficient contact for personal jurisdiction. ECF No. 20 at 12. Voluntarily filing a case in state court is generally sufficient for personal jurisdiction in subsequent related cases. *Primera Vista S.P.R. de R.L. v. Banca Serfin, S.A. Institucion de Banca Multiple Grupo Financiero Serfin*, 974 S.W.2d 918, 926 (Tex. App. 1998) ("Voluntarily filing a lawsuit in a jurisdiction is a purposeful availment of the jurisdiction's facilities and can subject a party to personal jurisdiction in another lawsuit when the lawsuits arise from the same general transaction."); *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. CIV.A. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008) ("Purposeful availment of a state's facilities, such as use of the state's courts, is sufficient to subject a party to personal jurisdiction in a later suit related to the same overall transaction."). In contrast, merely participating in the underlying state court action as a defendant is insufficient. *Gemini Insurance Co. v. Caprock Pipe and Supply, Inc.*, Case No. SA–04–CA–001–FB, ECF 15 (W.D.Tex. Sep. 23, 2004); *Am. Cas. Co. of Reading, PA v. River's Edge Pharms.*, LLC, No. SA-05-CA-525-FB, 2006 WL 62819, at *13 (W.D. Tex. Jan. 10, 2006). The issue here is whether Wild Willy's, by virtue of filing a crossclaim, is more like a plaintiff voluntarily availing itself of the state court system or more like a defendant involuntarily forced to defend itself in a certain forum.

In other contexts, the Fifth Circuit has held that filing a counterclaim, third party claim, or crossclaim in underlying state court litigation does not indicate that a party has waived their objections to personal jurisdiction or had sufficient minimum contacts with the forum for the court to have personal jurisdiction. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 541 (5th Cir. 2019); *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switzerland)*, 260 F.3d 453, 461 (5th Cir. 2001) *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149

(5th Cir. 1987). These holdings do not entirely let Wild Willy's off the hook, as the defendants in these cases simultaneously objected to the courts' personal jurisdiction, which Wild Willy's did not do in the underlying litigation. However, they suggest that filing a crossclaim does not have the effect of automatically waiving personal jurisdiction concerns, unlike when a plaintiff brings a claim in the forum state.

Additionally, Wild Willy's crossclaim concerns Tite Water's duty to defend Wild Willy's in the state court action. In this way, the crossclaim is somewhat similar to a party demanding a defense from an insurance company or another entity. Requesting indemnification or defense in a state suit does not constitute purposeful availment of the forum. *Admiral Ins. Co. v. Briggs*, No. CIV.A. 302CV0310P, 2002 WL 1461911, at *8 (N.D. Tex. July 2, 2002); *Gemini Insurance Co. v. Caprock Pipe and Supply, Inc.*, Case No. SA–04–CA–001–FB, ECF 15 at 20 (W.D. Tex. Sep. 23, 2004). Although the parties in those cases did not file a crossclaim to demand a defense, the underlying reasoning applies to this instance as well. That is, both contacts arise from the party being an involuntary defendant in the underlying action. *See Ohio Sec. Ins. Co. v. Premium Food Grp., Inc.*, No. CV 21-15690 (FLW), 2022 WL 2358425, at *4 (D.N.J. June 30, 2022) ("[W]hile an out-of-state insured demands a defense, it did not choose to litigate in the underlying forum, such that it is purposefully availing itself of a particular forum."). The Court ultimately finds Wild Willy's crossclaim to be an insufficient basis for personal jurisdiction.

Finally, Plaintiffs argue that Wild Willy's did not make any objections to personal jurisdiction or venue in the state court action, unlike the litigants in *Halliburton*, and cannot explain away their lack of objection by arguing that Plaintiffs were managing their defense, unlike Tite Water or the plaintiff in *Gemini*. However, the court in these cases did not indicate whether, absent an objection or explanation, it would have had personal jurisdiction. And, others have found a

defendant's failure to challenge personal jurisdiction in the underlying action did not constitute purposeful availment. *See Emps. Mut. Cas. Co. v. Sanctuary Sys., LLC*, No. 22-CV-02561-BLF, 2023 WL 309405, at *4 (N.D. Cal. Jan. 18, 2023) (finding personal jurisdiction ultimately was proper on other grounds). *Maxum* also supports this result. There the court recognized that the defendant hadn't objected to personal jurisdiction in the state action, yet delayed ruling on personal jurisdiction until after the parties conducted jurisdictional discovery as to whether the defendant sold or marketed goods in Texas. *Maxum Indem. Co. v. BRW Floors, Inc.*, No. 5:15-CV-00167-RCL, 2015 WL 5881584, at *2 (W.D. Tex. Oct. 7, 2015). If a failure to object to jurisdiction in the state action were dispositive, there would have been no need for jurisdictional discovery in that case. While a failure to object in the state litigation may support personal jurisdiction in conjunction with to other relevant contacts, it is not sufficient on its own. Accordingly, the Court finds that it lacks personal jurisdiction over Wild Willy's.

Because the Court finds it lacks personal jurisdiction, it need not reach Defendants' other claims regarding failure to present a case or controversy, violating the *Rooker-Feldman* Doctrine, lack of jurisdiction under the Declaratory Judgment Act, improper venue, and *forum non conveniens*.

IV. **CONCLUSION**

Defendants' Motions to Dismiss, ECF Nos. 12, 17, are **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on October 10, 2023.

                                                             Keith P. Ellison
                                                             United States District Judge